IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JAVONTE ELLIS, Individually,
AND STATE OF MISSISSIPPI
EX REL. JAVONTE ELLIS                                                   PLAINTIFFS

VERSUS                                                   NO. 1:16CV177-DMB-DAS

LOWNDES COUNTY, AND
WILL SPANN, MIKE ARLEDGE, AND
RON COOK, In Their Individual and Official Capacities,
AND OHIO CASUALTY INSURANCE COMPANY                    DEFENDANTS

                                                   JURY TRIAL DEMANDED

<u>FIRST AMENDED COMPLAINT</u>

This is a civil action to recover actual, compensatory, and punitive damages, and for a declaratory judgment for the Defendants' violations of Mr. Ellis's Fourth Amendment right to be free from wrongful arrest, false imprisonment, and prosecution without probable cause, made actionable pursuant to 42 U.S.C. § 1983, and for common law false arrest, false imprisonment, malicious prosecution, and abuse of process, made actionable pursuant to the Mississippi Tort Claim Act ("MTCA"), for misfeasance in office made actionable pursuant to Miss. Code Ann. § 21-1-45, and for a Sheriff's liability for the acts of a deputy pursuant to Miss. Code Ann. § 19-25-19.  The following averments support this civil action:

(Parties)

1.  The plaintiffs, Javonte Ellis, and State of Mississippi Ex. Rel. Javonte Ellis, is an

adult resident citizen of Lowndes County, Mississippi.

2.  The defendant Lowndes County, and the defendants Will Spann, Mike Arledge, and Ron Cook, In Their Official Capacities, is a political subdivision of the State of Mississippi.  Lowndes County may be served with process by service of a summons and complaint upon Honorable Lisa Younger Neese, Lowndes County Chancery Clerk, 505 2nd Avenue North, Columbus, Mississippi 39701.

3.  The defendant, Will Spann, In His Individual Capacity, is an adult resident citizen of Lowndes County, Mississippi.  The Defendant Spann may be served with process by service of a summons and complaint upon him at 527 Martin Luther King Jr, Drive South, Columbus, Mississippi 39701.

4.  The defendant, Mike Arledge, In His Individual Capacity, is an adult resident citizen of Lowndes County, Mississippi.  The Defendant Arledge may be served with process by service of a summons and complaint upon him at 527 South Martin Luther King, Jr. Drive, Columbus, Mississippi 39701.

5.  The defendant, Ron Cook, In His Individual Capacity, is an adult resident citizen of Lowndes County, Mississippi.  The Defendant Cook may be served with process by service of a summons and complaint upon him at 309 South Martin Luther King, Jr. Drive, Columbus, Mississippi 39701.

6.  The Defendant, Ohio Casualty Insurance Company ("Ohio Casualty"), is a

2

New Hampshire corporation with its home office at 62 Maple Avenue, Keene, New Hampshire 03431. The Defendant Ohio Casualty may be served with process by service of a summons and complaint upon its registered agent, United States Corporation Company, 5760 I-55 North, Suite 150, Jackson, Mississippi 39211.

(Jurisdiction and Venue)

7. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1343(a)(3) (Civil Rights), and 28 U.S.C. § 1367(a) (Supplemental).

8. Venue is proper in the Northern District of Mississippi, pursuant to 28 U.S.C. § 1391, since substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

(Cause of Action)

9. Prior to the events and occurrences which form the basis for this litigation, Javonte Ellis was an honors student who played football at New Hope High School in Lowndes County, Mississippi.

10. On, or about, March 27, 2015, the Defendant Spann, a detective with the Lowndes County Sheriff's Department, appeared before the Defendant Cook, a Justice Court Judge for Lowndes County, Mississippi, and swore out a charging affidavit against Mr. Ellis, for the crime of sexual battery, pursuant to Miss. Code Ann. § 97-3-65.

11.  At the time the Defendant Spann presented the charging affidavit to the Defendant Cook, no probable cause existed for the charge of sexual battery against Mr. Ellis because he was not of sufficient age to be charged with sexual battery, in light of the age of the female minor with whom he had consensual sex.

12.  At the time the Defendant Spann presented the charging affidavit to the Defendant Cook, Mr. Ellis was a minor under the age of eighteen.

13.  The Defendant Spann was subjectively aware of the fact that Mr. Ellis was not of sufficient age to charge with the offense of sexual battery because he was subjectively aware of Mr. Ellis' birth date and the female minor's birth date.

14.  The Defendant Spann was subjectively aware of the fact that Mr. Ellis was a minor because he was subjectively aware of Mr. Ellis' birth date and his age as he wrote on the charging affidavit, that Mr. Ellis was seventeen at the time of the alleged offense.

15.  The Defendant Spann, despite his subjective awareness that no probable cause existed to charge Mr. Ellis, swore out a charging affidavit under oath charging Mr. Ellis with the offense of sexual battery.

16.  The Defendant Spann, despite his subjective awareness that Mr. Ellis was a minor, swore out a charging affidavit under oath charging Mr. Ellis with the offense of sexual battery.

17.  The Defendant Spann deliberately withheld material exculpatory

4

information from the Defendant Cook by failing to verbally inform him of the absence of probable cause to charge and arrest Mr. Ellis due to his age in comparison to the female minor's age.

18.  The Defendant Spann deliberately withheld material exculpatory information from the Defendant Cook by failing to verbally inform him that Mr. Ellis was a minor.

19.  Neither the Defendant Spann, despite authoring the charging affidavit, nor the Defendant Cook, who read the charging affidavit, inspected or reviewed the charging affidavit to ensure that probable cause existed against Mr. Ellis for the offense charged or that jurisdiction existed in the Justice Court of Lowndes County.

20.  The charging affidavit prepared by the Defendant Spann against Mr. Ellis failed to state an offense in violation of the laws of Mississippi and was invalid on its face.

21.  As a direct and proximate result of the Defendant Spann's charging affidavit, failure to provide exculpatory information of which he was subjectively aware, and the failure of the Defendant Spann and the Defendant Cook to inspect and review the charging affidavit, the Defendant Cook issued an invalid arrest warrant for the arrest of a minor, Mr. Ellis.

22.  The invalid charging affidavit prepared by the Defendant Spann failed to

confer criminal or any other jurisdiction to the Justice Court of Lowndes County.

23. Pursuant to Miss. Code Ann. § 43-21-105(d), at the time the Defendant Spann presented the charging affidavit to the Defendant Cook, Mr. Ellis was a "child" or "youth."

24. Pursuant to Miss. Code Ann. § 43-21-105(j), at the time the Defendant Spann presented the charging affidavit to the Defendant Cook, the offense of sexual battery constituted a delinquent act and not a criminal offense.

25. Pursuant to Miss. Code Ann. § 43-21-151(1), at the time the Defendant Spann presented the charging affidavit to the Defendant Cook, the Youth Court of Lowndes County had exclusive original jurisdiction as to any proceedings involving Mr. Ellis.

26. Pursuant to Miss Code Ann. § 43-21-151(2), prior to the time the Defendant Spann presented the charging affidavit to the Defendant Cook, jurisdiction over Mr. Ellis's person had attached in the Youth Court of Lowndes County.

27. Pursuant to Miss. Code Ann. § 43-21-151(3), at the time the Defendant Spann presented his charging affidavit to the Defendant Cook, Mr. Ellis could not be held criminally responsible or prosecuted by any court, including the Justice Court of Lowndes County and the Circuit Court of Lowndes County, for any act designated as a delinquent act.

28. Pursuant to Miss. Code Ann. § 43-21-301(2), at the time the Defendant Spann

6

presented his charging affidavit to the Defendant Cook, Mr. Ellis could not be taken into custody by any law enforcement officer in the absence of a custody order from a Youth Court Judge for Lowndes County.

29. Pursuant to Miss. Code Ann. § 43-21-301(1), at the time the Defendant Spann presented his charging affidavit to the Defendant Cook, the Defendant Cook had no legal authority to issue an arrest warrant for the arrest of Mr. Ellis.

30. The acts and omissions of the Defendant Cook, as a Justice Court Judge for Lowndes County, were *funtus officio*, were taken in the complete absence of any jurisdiction, and did not constitute judicial acts.

31. As a direct and proximate result of issuing an invalid arrest warrant for the arrest of Mr. Ellis, Mr. Ellis was publicly arrested by the Defendant Spann at his high school, in front of his classmates and teachers.

32. Mr. Ellis was transported to the Lowndes County Detention Center ("LCDC") where he was booked and jailed.

33. Mr. Ellis was held at the by LCDC until he could post bond in the amount of $10,000.

34. Mr. Ellis had the charge of sexual battery and his booking photo released and circulated to numerous print, television and internet media outlets despite the fact that he was a minor, and within the jurisdiction of the Youth Court of Lowndes County.

35.  Mr. Ellis was expelled from school and advised that he would not be permitted to attend his graduation despite his excellent academic credentials.

36.  Mr. Ellis' expulsion from school was not reported to the Youth Court of Lowndes County as mandated by Miss. Code Ann. § 43-21-151(1)(c).

37.  On April 4, 2015, Mr. Ellis retained counsel and the Lowndes County Justice Court provided the charging affidavit and arrest warrant to counsel.

38.  A cursory review of the charging affidavit, makes it patently obvious that Mr. Ellis had been charged, arrested, and jailed based on a charging affidavit which failed to establish probable cause and which failed to allege the commission of a criminal offense, on its face.

39.  Mr. Ellis was arrested and jailed based on a charging affidavit which the Justice Court of Lowndes County had no jurisdiction to review and an arrest warrant which the Justice Court of Lowndes County lacked any jurisdiction to issue, in the absence of any criminal offense and due to the exclusive and original jurisdiction of this matter in the Youth Court of Lowndes County.

40.  Counsel for Mr. Ellis immediately contacted the District Attorney and the County Prosecutor, and, after they reviewed the charging document, the baseless charge against Mr. Ellis was dismissed on April 14, 2015.

41.  At all times relevant to this civil action the Defendant Spann and the

Defendant Cook acted under color of state law.

42.  At all times relevant to this civil action the Defendant Spann and the Defendant Cook acted within the course and scope of their employment and as agents and employees of Lowndes County, Mississippi.

43.  At all times relevant to this civil action, the Defendant Spann and the Defendant Cook, in their individual capacities, acted with deliberate indifference to Mr. Ellis' federally protected rights and with negligence, gross, negligence, and reckless disregard to Mr. Ellis' rights under Mississippi law.

44.  At all times relevant to this civil action, the Defendant Spann, and the Defendant Cook, in their individual and official capacities, were county official who executed bonds, with the Defendant Ohio Casualty, for the faithful performance of their duties.

(Claims Against the Defendant Lowndes County)

45.  The Defendant Lowndes County is liable to Mr. Ellis for the common law torts of false arrest, false imprisonment, malicious prosecution, and abuse of process, made actionable pursuant to the MTCA.

46.  The Defendant Lowndes County had an affirmative legal duty not to arrest or jail Mr. Ellis without probable cause.

47.  The Defendant Lowndes County had an affirmative legal duty not to

prosecute Mr. Ellis without probable cause and with malice.

48. The Defendant Lowndes County had an affirmative legal duty to refrain from perverting the process of the court for some ulterior purpose after its issuance so as to accomplish a result not commanded by it or not lawfully obtainable under it.

49. The Defendant Lowndes County, through the actions and omissions of its agents and employees acting within the course and scope of their employment, negligently, grossly negligently, and with reckless disregard breached the above mentioned duties.

50. As a direct and proximate result of the actions and omissions of Lowndes County Mr. Ellis was injured in his person and property.

(Claims Against the Defendant Will Spann)

51. The Defendant Spann, In His Individual Capacity, is liable to Mr. Ellis for the constitutional torts of false arrest, false imprisonment, and prosecution without probable cause, by initiating charges and causing the arrest and prosecution of Mr. Ellis in the absence of probable cause.

52. The Defendant Spann, In His Individual Capacity, is liable to Mr. Ellis for the common law torts of false arrest, false imprisonment, malicious prosecution and abuse of process, by initiating charges and causing the arrest of Mr. Ellis without probable cause, for initiating a baseless prosecution against Mr. Ellis without probable cause and

10

with malice, and for abuse of process by perverting the process of the court for some ulterior purpose after its issuance so as to accomplish a result not commanded by it or not lawfully obtainable under it.

53.  The Defendant Spann, in his Individual and Official Capacity is a county officer who has executed bond for the faithful performance of his duty.

54.  The Defendant Spann, In His Individual and Official Capacities, knowingly and willfully neglected to perform numerous duties required of him by law, and otherwise violated his official obligations.

55.  Due to the Defendant Spann's knowing and willful neglect to perform a duty required of him by law and based on the violation of his official duties, Mr. Ellis brings suit against the Defendant Spann, In His Individual and Official Capacities, and on the Defendant Ohio Casualty, on his public official bond for the damages sustained by Mr. Ellis due to his misfeasance in office and breach of duty, pursuant to Miss. Code Ann. § 25-1-45.

(Claims Against the Defendant Arledge)

56.  A The Defendant Arledge, In His Individual and Official Capacities, is a county officer who has executed bond for the faithful performance of his duty.

57.  The Defendant Arledge, In His Individual and Official Capacities, was at all times relevant to this civil action the Sheriff of Lowndes County.

11

58.  The Defendant Arledge in His Individual and Official Capacities, is liable to Mr. Ellis for the acts of the Defendant Spann, In His Individual and Official Capacities, pursuant to Miss. Code Ann. § 19-25-19.

59.  Due to the Defendant Spann's knowing and willful neglect to perform a duty required of him by law and based on the violation of his official duties, and based on Miss. Code Ann. § 19-25-19, Mr. Ellis brings suit against the Defendant Arledge, In His Individual and Official Capacities, and on the Defendant Ohio Casualty, on his public official bond, for the damages sustained by Mr. Ellis due to the Defendant Spann's violation of constitutional and common law rights, and misfeasance in office and breach of duty, pursuant to Miss. Code Ann. § 25-1-45.

(Claims Against the Defendant Cook)

60.  The Defendant Cook, In His Individual Capacity,  is liable to Mr. Ellis for the constitutional torts of false arrest, false imprisonment, and prosecution without probable cause, by failing to inspect and review charges and causing the arrest and prosecution of Mr. Ellis in the absence of probable cause, and in the absence of any and all jurisdiction.

61.  The Defendant Cook, In His Individual Capacity, is liable to Mr. Ellis for the common law torts of false arrest, false imprisonment, malicious prosecution and abuse of process, by failing to inspect and review charges and causing the arrest of Mr. Ellis

12

without probable cause, and in the absence of any and all jurisdiction, for refusing to inspect and review the initiation of a baseless prosecution against Mr. Ellis without probable cause and with malice, and for abuse of process by perverting the process of the court for some ulterior purpose after its issuance so as to accomplish a result not commanded by it or not lawfully obtainable under it.

62. The Defendant Cook, In His Individual and Official Capacity is a county officer who has executed a public official bond for the faithful performance of his duty.

63. The Defendant Cook, In His Individual and Official Capacities, knowingly and willfully neglected to perform numerous duties required of him by law, and otherwise violated his official obligations.

64. Due to the Defendant Cook's knowing and willful neglect to perform a duty required of him by law and based on the violation of his official duties, Mr. Ellis brings suit against the Defendant Cook, In His Individual and Official Capacities, and on the Defendant Ohio Casualty, on his public official bond, for the damages sustained by Mr. Ellis due to his misfeasance in office and breach of duty, pursuant to Miss. Code Ann. § 25-1-45.

WHEREFORE, PREMISES CONSIDERED, Mr. Ellis prays for actual and compensatory damages against all defendants, in an amount to be determined by the trier of fact, for punitive damages against the Defendant Spann, the Defendant Arledge,

13

and the Defendant Cook, In Their Individual Capacities, and the Defendant Ohio Casualty, in an amount to be determined by the trier of fact, for a declaration that the acts and omissions of all defendants violated Mr. Ellis' constitutional rights, for a reasonable attorney's fee pursuant to 42 U.S.C. § 1988, for all allowable costs of this civil action, and for any and all other relief to which Mr. Ellis is entitled in law or equity.

Respectfully submitted, this the 3rd day of July, 2017.

/s/ Victor Israel Fleitas

VICTOR I. FLEITAS
MS BAR NO. 10259

Victor I. Fleitas, P.A.
452 North Spring Street
Tupelo, Mississippi 38804
662.840.0270 / Phone
662.840.1047 / Facsimile
fleitasv@bellsouth.net / Email

Attorney for Javonte Ellis

14

CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2017 I electronically filed the foregoing with the

Clerk of the Court using the ECF system which sent notification of such filing to the

following:

Jason E. Dare, Esq.
Pettis, Barfield & Hester
Post Office Box 16089
Jackson, Mississippi 39236-6089
jdare@phbfirm.com

S. Ray Hill, III, Esq.
Clayton O'Donnell
1300 Access Road, Suite 200
Oxford, Mississippi 38655
rhill@claytonodonnell.com

This the 3rd day of July, 2017.

/s/ Victor Israel Fleitas
_____
VICTOR I. FLEITAS