IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | |
|---|---|
| **JAVONTE ELLIS, Individually; and STATE OF MISSISSIPPI ex rel. Javonte Ellis** | **PLAINTIFFS** |
| V. | NO. 1:16-CV-177-DMB-DAS |
| **LOWNDES COUNTY; WILL SPANN; MIKE ARLEDGE; RON COOK; and OHIO CASUALTY INSURANCE COMPANY** | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER

This civil rights action is before the Court on Ron Cook's two motions to dismiss, Doc. #20, Doc. #33; and his motion for sanctions, Doc. #35.

## I
### Relevant Procedural History

On September 29, 2016, Javonte Ellis filed a complaint in this Court naming as defendants Lowndes County, Will Spann (in his official and individual capacities), Mike Arledge (in his official and individual capacities), Ron Cook (in his official and individual capacities), and Ohio Casualty Insurance Company. Doc. #1. The complaint asserted state and federal claims based on an alleged false arrest of Ellis.

Cook, with leave of the Court, answered the complaint on March 26, 2017. Doc. #16. Two months later, on May 26, 2017, Cook filed a motion to dismiss or, alternatively, for judgment on the pleadings. Doc. #20.

On July 3, 2017, Ellis, with leave of the Court, filed an amended complaint. Doc. #31. The amended complaint also asserts state and federal claims against the same defendants based on roughly the same allegations. One week later, on July 10, 2017, Cook filed: (1) an answer to the

amended complaint, Doc. #32; (2) a second motion to dismiss, or in the alternative, for judgment on the pleadings, Doc. #33; and (3) a motion for sanctions, Doc. #35. Ellis responded in opposition to both motions. Doc. #43; Doc. #45. Cook did not reply to either response.

## II
## Motion to Dismiss Original Complaint

"[A]n amended complaint supersedes [an] original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading …." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Accordingly, when a motion to dismiss has been filed against a superseded complaint, the proper course ordinarily is to deny the motion to dismiss as moot. *See, Reyna v. Deutsche Bank Nat'l Tr. Co.*, 892 F.Supp.2d 829, 834 (W.D. Tex. 2012) (collecting cases).

Here, insofar as the amended complaint does not reference or incorporate the original complaint, the latter has been superseded by the former. Accordingly, the motion to dismiss the original complaint, Doc. #20, will be denied as moot.

## III
## Motion to Dismiss Amended Complaint

In his second motion to dismiss, Cook "moves the Court to dismiss the Plaintiff's claims pursuant to Rule 12(b)(6), or alternatively Rule 12(c), of the Federal Rules of Civil Procedure." Doc. #33 (emphasis omitted).

### A. Standard of Review

As a general matter, 12(b)(6) relief is unavailable where a moving party has filed a responsive pleading. *Young v. City of Houston*, 599 F. App'x 553, 554 (5th Cir. 2015). Accordingly, when, as here, a moving party files a post-answer motion under both Rule 12(b)(6) and Rule 12(c), the proper course is to treat the motion as made under Rule 12(c). *See Dorward*

*v. Ramirez*, No. 3:09-cv-18, 2009 WL 27777880, at *3 n.4 (N.D. Tex. Aug. 28, 2009) ("Although Waste Management states that it moves to dismiss under both Rule 12(b)(6) and Rule 12(c), the court will construe the motion as made under Rule 12(c) because it was filed after Waste Management filed an answer.").

"The standard for dismissal under Rule 12(c) is the same as that for failure to state a claim under Rule 12(b)(6)." *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017). Accordingly, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. A complaint meets this standard when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In making this determination, a court must "view all facts and inferences in the light most favorable to the nonmoving party." *McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2017).

### B. Relevant Factual Allegations

During the time period relevant to this litigation, Javonte Ellis was an honors student at New Hope High School in Lowndes County, Mississippi. Doc. #31 at ¶ 9. Ron Cook was a justice court judge for Lowndes County. *Id*. at ¶ 10.

On or about March 27, 2015, Will Spann, a detective with the Lowndes County Sheriff's Department, presented to Cook a charging affidavit against Ellis for the crime of sexual battery pursuant to § 97-3-65 of the Mississippi Code. *Id*. At the time Spann presented the affidavit, Ellis was less than eighteen years old. *Id*. at ¶ 12. Furthermore, the affidavit itself alleged that Ellis was seventeen years old at the time of the alleged offense. *Id*. at ¶ 14. Based on this affidavit, Cook issued a warrant for Ellis' arrest. *Id*. at ¶ 21. Thereafter, Ellis was publicly arrested and, later, expelled from school. *Id*. at ¶¶ 31, 35.

## C. Analysis

Ellis' amended complaint alleges:

> The Defendant Cook, In His Individual Capacity, is liable to Mr. Ellis for the constitutional torts of false arrest, false imprisonment, and prosecution without probable cause, by failing to inspect and review charges and causing the arrest and prosecution of Mr. Ellis in the absence of probable cause, and in the absence of any and all jurisdiction.
>
> The Defendant Cook, In His Individual Capacity, is liable to Mr. Ellis for the common law torts of false arrest, false imprisonment, malicious prosecution and abuse of process, by failing to inspect and review charges and causing the arrest of Mr. Ellis without probable cause, and in the absence of any and all jurisdiction, for refusing to inspect and review the initiation of a baseless prosecution against Mr. Ellis without probable cause and with malice, and for abuse of process by perverting the process of the court for some ulterior purpose after its issuance so as to accomplish a result not commanded by it or not lawfully obtainable under it.

Doc. #31 at ¶¶ 60–61 (paragraph numbering omitted). Based on these allegations, Ellis seeks to recover both against Cook against Cook's public official bond. *Id*. at ¶ 64. Cook seeks dismissal of all claims under the doctrine of absolute judicial immunity.

### 1. Federal and state judicial immunity

Under federal law, "[a] judge generally has absolute immunity from suits for damages." *Davis v. Tarrant Cty.,* 565 F.3d 214, 221 (5th Cir. 2009). This rule exists because:

> [t]he nature of the adjudicative function requires a judge frequently to disappoint some of the most intense and ungovernable desires that people can have .... If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication.

*Id*. (quoting *Forrester v. White*, 428 U.S. 219, 226–27 (1988)).

Under relevant United States Supreme Court precedent, judicial immunity is only overcome in two situations. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Id*.

"Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id*. at 12.

Like federal law, "Mississippi has long recognized the doctrine of judicial immunity." *Weill v. Bailey*, __ So.3d. __, No. 2015-IA-1379, 2017 WL 1295370, at *4 (Miss. Apr. 6, 2017). To this end, the Mississippi Supreme Court "has analyzed precedent from the United States Supreme Court in considering whether the doctrine of judicial immunity applies." *Newsome v. Shoemake*, __ So.3d __, No. 2016-CA-280, 2017 WL 3913898, at *6 (Miss. Sep. 7, 2017). Consistent with this approach, to determine the existence of judicial immunity under Mississippi law, "one must look to whether at the time the judge took the challenged action he had jurisdiction over the subject matter before him." *Id*. (quotation marks and alterations omitted).

The doctrine of judicial immunity is an affirmative defense. *Harper v. Merckle*, 638 F.2d 848, 855 n.8 (5th Cir. 1981). Accordingly, at the pleading stage, dismissal based on judicial immunity is only appropriate if the defense "appear[s] on the face of the complaint." *Kelly v. Nichamoff*, 868 F.3d 371, 374 (5th Cir. 2017).

## 2. Judicial immunity applied

In seeking dismissal, Cook argues that he is entitled to judicial immunity because the issuance of an arrest warrant was a judicial action within his jurisdiction as justice court judge. Ellis properly does not dispute that the issuance of an arrest warrant is a judicial act. *See Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120, 123 (5th Cir. 1980) ("[T]he issuance of an arrest warrant is a common judicial function."). However, he argues that Cook lacked jurisdiction to issue the arrest warrant because, at the time the warrant was issued, Ellis was under the exclusive jurisdiction of the Lowndes County Youth Court.

Under the jurisdictional prong of the immunity inquiry, both Mississippi and federal law have long distinguished between acts taken in "excess of jurisdiction," which qualify for judicial immunity; and those taken in "the clear absence of all jurisdiction over the subject matter," which do not. *Bradley v. Fisher*, 80 U.S. 335, 351–52 (1871); *Nat'l Sur. Co. v. Miller*, 124 So. 251, 253–54 (Miss. 1929) (quoting *Bradley*). For example:

> if a probate court, invested only with authority over wills and the settlement of estates of deceased persons, should proceed to try parties for public offences, jurisdiction over the subject of offences being entirely wanting in the court, and this being necessarily known to its judge, his commission would afford no protection to him in the exercise of the usurped authority. But if on the other hand a judge of a criminal court, invested with general criminal jurisdiction over offences committed within a certain district, should hold a particular act to be a public offence, which is not by the law made an offence, and proceed to the arrest and trial of a party charged with such act, or should sentence a party convicted to a greater punishment than that authorized by the law upon its proper construction, no personal liability to civil action for such acts would attach to the judge, although those acts would be in excess of his jurisdiction, or of the jurisdiction of the court held by him, for these are particulars for his judicial consideration, whenever his general jurisdiction over the subject-matter is invoked.

*Bradley*, 80 U.S. at 352.

Under Miss. Code Ann. § 99-33-1(2), "justice court judges … have jurisdiction concurrent with the circuit court of the county over all crimes occurring in the county whereof the punishment prescribed does not extend beyond a fine and imprisonment in the county jail." Commensurate with this authority, a justice court judge has jurisdiction to issue an arrest warrant "[o]n affidavit of the commission of any crime, of which the justice court has jurisdiction, lodged with the justice court." Miss. Code Ann. § 99-33-3. These broad grants of authority, however, are circumscribed by § 43-21-151, which, subject to certain exceptions, grants the youth court exclusive original jurisdiction over defendants under the age of eighteen years. *See* Miss. Code Ann. § 43-21-151(1). Such exclusive jurisdiction attaches "at the time of the offense and … continue[s] thereafter for

that offense until the child's twentieth birthday, unless sooner terminated by order of the youth court." Miss. Code Ann. § 43-21-151(2).

Viewing the allegations of the complaint in the light most favorable to Ellis, this Court concludes that Ellis has alleged that Cook issued an arrest warrant for Ellis based on a crime under the exclusive jurisdiction of the youth court and that such exclusive jurisdiction was apparent from the face of the charging affidavit submitted to Cook. Under these circumstances, the Court concludes that the affirmative defense of judicial immunity does not appear on the face of the complaint and that, therefore, the motion to dismiss must be denied. *Maestri v. Jutkofsky*, 860 F.2d 50, 53 (2d Cir. 1988) (town judge acted clearly outside his jurisdiction when he issued arrest warrants for crime occurring in different town).

## IV
### Motion for Sanctions

Cook seeks sanctions against Ellis for filing a frivolous complaint which is barred by judicial immunity. Because this Court has concluded that the complaint is not, at this stage, barred by judicial immunity, the motion for sanctions will be denied.

## V
### Conclusion

For the reasons above, Cook's: (1) motion to dismiss the original complaint [20] is **DENIED as moot**; (2) motion to dismiss the amended complaint [33] is **DENIED**; and (3) motion for sanctions [35] is **DENIED**.

**SO ORDERED**, this 17th day of October, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

7