**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**JAVONTE ELLIS, Individually; and**                           **PLAINTIFFS**
**STATE OF MISSISSIPPI ex rel. Javonte**
**Ellis**

**V.**                                                      **NO. 1:16-CV-177-DMB-DAS**

**LOWNDES COUNTY; WILL SPANN;**
**MIKE ARLEDGE; RON COOK; and**
**OHIO CASUALTY INSURANCE**
**COMPANY**                                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This civil rights action is before the Court on (1) Mike Arledge and Will Spann's motion for judgment on the pleadings, Doc. #39; (2) Arledge, Spann, and Lowndes County's motion for judgment on the pleadings, Doc. #41; and (3) Arledge, Spann, and Lowndes County's motion to dismiss, Doc. #52.

### I
### Relevant Procedural History

On September 29, 2016, Javonte Ellis filed a complaint in this Court naming as defendants Lowndes County, Will Spann (in his official and individual capacities), Mike Arledge (in his official and individual capacities), Ron Cook (in his official and individual capacities), and Ohio Casualty Insurance Company. Doc. #1. The complaint asserted state and federal claims based on an alleged false arrest of Ellis which occurred on March 27, 2015.

Cook timely answered the complaint on March 26, 2017. Doc. #16. Two months later, on May 26, 2017, Cook filed a motion to dismiss or, alternatively, for judgment on the pleadings. Doc. #20.

On July 3, 2017, Ellis, with leave of the Court, filed an amended complaint against the

same defendants. Doc. #31. One week later, on July 10, 2017, Cook filed an answer to the amended complaint, Doc. #32; a second motion to dismiss, or in the alternative, for judgment on the pleadings, Doc. #33; and a motion for sanctions, Doc. #35. Ellis responded in opposition to both motions. Doc. #43; Doc. #45. Cook did not reply to either response.

On July 13, 2017, Lowndes County, Arledge, Ohio Casualty, and Spann filed a joint answer to the amended complaint. Doc. #37. The same day, Arledge and Spann filed a joint motion for judgment on the pleadings ("First Motion"). Doc. #39. Also that day, the County and Spann and Arledge in their official capacities filed a motion for partial judgment on the pleadings. ("Second Motion"). Doc. #41. After seeking and receiving an extension to respond to the motions for judgment on the pleadings, Ellis filed a response addressing both motions on August 24, 2017. Doc. #49. The County, Arledge, and Spann filed a joint reply on August 31, 2017. Doc. #51.

On September 1, 2017, the County, Arledge, and Spann filed a motion to dismiss under Rule 12(b)(6) ("Third Motion"). Doc. #52. After seeking and receiving an extension to respond to the motion to dismiss, Ellis filed a response on September 22, 2017. Doc. #56. The County, Arledge, and Spann replied on September 29, 2017. Doc. #58.

On October 17, 2017, this Court denied Cook's motions to dismiss and Cook's motion for sanctions. Doc. #60.

**II**
**Standard of Review**

The moving defendants seek dismissal under both Rule 12(c) and Rule 12(b)(6). As a general matter, 12(b)(6) relief is unavailable where a moving party has filed a responsive pleading. *Young v. City of Houston*, 599 F. App'x 553, 554 (5th Cir. 2015). However, "[t]he standard for dismissal under Rule 12(c) is the same as that for failure to state a claim under Rule 12(b)(6)." *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017). A district court therefore may treat a post-

answer 12(b)(6) motion as a Rule 12(c) motion for judgment on the pleadings. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). Accordingly, to the extent the defendants filed a motion to dismiss, such motion will be treated as a motion for judgment on the pleadings.

To survive a motion for judgment on the pleadings, as with a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bailey*, 860 F.3d at 291. A complaint meets this standard when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In making this determination, a court must "view all facts and inferences in the light most favorable to the nonmoving party." *McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2017). "When the motion … raises the defense of qualified immunity, the plaintiff must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm alleged and that defeat a qualified immunity defense with equal specificity." *Id*. (quotation marks omitted).

### III
### Factual Allegations

During the period relevant to this litigation, Javonte Ellis was an honors student at New Hope High School in Lowndes County, Mississippi. Doc. #31 at ¶ 9. Ron Cook was a justice court judge for Lowndes County. *Id*. at ¶ 10. Will Spann was a detective with the Lowndes County Sheriff's Department serving under Sheriff Mike Arledge. *Id*. at ¶¶ 10, 57.

On or about March 27, 2015, Spann presented to Cook a charging affidavit against Ellis for the crime of sexual battery pursuant to § 97-3-65 of the Mississippi Code. *Id*. at ¶ 10. The affidavit[1] alleges:

---

[1] In resolving a motion to dismiss, a court may consider "documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to her claim." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (alterations omitted). Courts have applied this rule to motions for judgment on the

Javonte Ellis, being 17 years of age at the time and whose date of birth was 4/[redacted]/1997, did willfully, unlawfully and feloniously, have sexual intercourse with a child, [MH], who was 14 years of age at the time and whose date of birth was 3/[redacted]/2000 and was thirty-six or more months younger than Javonte Ellis and not the spouse of Javonte Ellis at the time.

Doc. #39-2.[2]  Based on the affidavit, Cook issued a warrant for Ellis' arrest.  Doc. #31 at ¶ 21.

Thereafter, Ellis was publicly arrested, transported to the Lowndes County Detention Center, and

jailed.  *Id*. at ¶¶ 31–32.  Sometime later, Ellis was expelled from school.  *Id*. at ¶ 35.

Contrary to the allegation in the affidavit, Ellis was not thirty-six months older than MH

and thus was not in violation of § 97-3-65.  *Id*. at ¶ 13; *see* Miss. Code Ann. § 97-3-65(1)(a) (listing

elements for statutory rape involving victim between 14 and 16 years of age).  The charges against

Ellis were dismissed on April 14, 2015.  Doc. #31 at ¶ 40.

## IV
## Analysis

Ellis' amended complaint asserts:  (1) § 1983 claims against Spann in his individual

capacity; (2) state common law claims for false arrest, false imprisonment, abuse of process, and

malicious prosecution against Spann in his individual capacity; (3) a claim on Spann's public

official bond against Spann in his individual and official capacities; (4) a claim on Spann's public

official bond against Ohio Casualty; (5) derivative liability claims under Miss. Code Ann. § 19-

25-19 against Arledge in his individual and official capacities; (6) a claim on Arledge's public

official bond against Ohio Casualty; (7) § 1983 claims against Cook in his individual capacity; (8)

---

pleadings.  *Van Duzer v. U.S. Bank Nat'l Ass'n*, 995 F.Supp.2d 673, 685 (S.D. Tex. 2014).  The charging affidavit is referenced in Ellis' claims, is central to his claims, and was attached to Arledge and Spann's motion for judgment on the pleadings, but not the motion for judgment on the pleadings filed by Arledge, Spann, and Lowndes County. Nevertheless, the joint reply filed by all three defendants references the affidavit.  Doc. #51 at 3.  Under these circumstances, the Court will consider the affidavit for the purpose of resolving both motions for judgment on the pleadings.

[2] The birth dates are redacted in the charging affidavit filed on the record.  An unredacted copy of the charging affidavit was submitted separately to the Court.

state common law claims for false arrest, false imprisonment, abuse of process, and malicious prosecution against Cook in his individual capacity; (9) a claim on Cook's public official bond against Cook in his individual and official capacities; (10) a claim on Cook's public official bond against Ohio Casualty; (11) state common law claims for false arrest, false imprisonment, malicious prosecution, and abuse of process against the County; and (12) state common law claims for negligence, gross negligence, and reckless disregard against the County.

In the First Motion, Spann and Arledge, in their individual capacities, argue (1) the § 1983 claims brought against Spann are barred by qualified immunity and the independent intermediary doctrine; (2) all state common law claims against Spann in his individual capacity should be dismissed under the personal liability immunity provision of the Mississippi Tort Claims Act ("MTCA"); (3) Arledge cannot be held individually liable under either § 1983 or the MTCA; and (4) the public official bond claims against them both in their individual capacities are barred by the MTCA.

In the Second Motion filed by the County and Spann and Arledge in their official capacities (collectively, "County Defendants"), the County Defendants argue (1) the federal claims against them are barred by the independent-intermediary doctrine; (2) all state law claims against them which accrued while Ellis was incarcerated are barred by the inmate exception to the MTCA; and (3) the official capacity claims against Spann and Arledge should be dismissed as duplicative.

Finally, in the Third Motion, the moving defendants argue (1) the County Defendants are entitled to the dismissal of Ellis' claims for malicious prosecution and false arrest; and (2) the false arrest and malicious prosecution claims brought against Spann and Arledge in their individual capacities are time barred.

Because these motions implicate some of the same claims against the same defendants, the

Court considers the motions claim by claim, rather than motion by motion.[3]

## A. Individual Capacity Claims Against Spann

Ellis' amended complaint alleges:

> The Defendant Spann, In His Individual Capacity, is liable to Mr. Ellis for the constitutional torts of false arrest, false imprisonment, and prosecution without probable cause, by initiating charges and causing the arrest and prosecution of Mr. Ellis in the absence of probable cause.

> The Defendant Spann, In His Individual Capacity, is liable to Mr. Ellis for the common law torts of false arrest, false imprisonment, malicious prosecution and abuse of process, by initiating charges and causing the arrest of Mr. Ellis without probable cause, for initiating a baseless prosecution against Mr. Ellis without probable cause and with malice, and for abuse of process by perverting the process of the court for some ulterior purpose after its issuance so as to accomplish a result not commanded by it or not lawfully obtainable under it.

Doc. #31 at ¶¶ 51–52 (paragraph numbering omitted).

## 1. Federal claims

Ellis bases his federal claims on violations of his "Fourth Amendment right to be free from wrongful arrest, false imprisonment, and prosecution without probable cause, made actionable pursuant to 42 U.S.C. § 1983." Doc. #31 at 1. Spann argues that these claims should be dismissed on the ground of qualified immunity because he did not submit false or misleading information in the affidavit and because he is shielded by the impartial intermediary doctrine.

"To state a claim under Section 1983, a plaintiff must assert facts to support that a person acting under color of state law denied the plaintiff a right under the Constitution or federal law." *Stem v. Gomez*, 813 F.3d 205, 210 (5th Cir. 2016). Additionally, "[w]hen a government official is sued under Section 1983, the plaintiff must allege that the official was either personally involved

---

[3] The First Motion and the Second Motion both purport to seek dismissal of the claims brought against Ohio Casualty. However, because neither motion was filed by Ohio Casualty, the Court declines to consider such requests. *See Oxford Street Props., LLC v. Robbins*, No. CV 10-2999, 2010 WL 11549864, at *6 n.10 (C.D. Cal. Sep. 15, 2010) ("Winagura also describes additional pleading failures with respect to other defendants. However, the … allegations as to other defendants are not determinative of the sufficiency of its allegations against Winagura ….") (record citation omitted).

in the deprivation or that his wrongful actions were causally connected to it." *Id.* (quotation marks omitted). Furthermore, even when a § 1983 cause of action exists, "[t]he doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." *Ard*, 866 F.3d at 688–89. Thus, the Court must decide whether (1) Ellis suffered a deprivation of a federally protected right; (2) Spann was personally involved in the deprivation or his wrongful actions were causally connected to it; and (3) if Spann was personally involved or causally connected to a deprivation, whether Spann is entitled to qualified immunity for any such violation.

### a. Deprivation of federally protected right

"[T]he federal Constitution does not include a 'freestanding' right to be free from malicious prosecution." *Deville v. Marcantel*, 567 F.3d 156, 169 (5th Cir. 2009). Rather, "the initiation of criminal charges without probable cause may set in force events that run afoul of the Fourth Amendment if the accused is seized and arrested or other constitutionally secured rights if a case is further pursued." *Id.* (alterations omitted). The Fourth Amendment guarantees the right to be free from arrest or imprisonment, including pre-trial detention, without probable cause. *Manuel v. City of Joliet*, 137 S.Ct. 911, 918–19 (2017); *Alexander v. City of Round Rock*, 854 F.3d 298, 307 (5th Cir. 2017). This right is violated when the arrest or imprisonment is based only on an invalid arrest warrant. *See Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001) ("The Fourth Amendment requires that an arrest be supported by a properly issued arrest warrant or probable cause.").

Before an arrest warrant is issued, "the judicial officer issuing such a warrant [must] be supplied with sufficient information to support an independent judgment that probable cause exists for the warrant." *Whiteley v. Warden, Wyo. State Penitentiary*, 401 U.S. 560, 565 (1971). A

warrant is invalid if the supporting affidavit on its face fails to establish probable cause. *United States v. Jackson*, 818 F.2d 345, 350 (5th Cir. 1987). Additionally, an arrest warrant is invalid if it is based on an affidavit which establishes probable cause but which contains materially false or misleading information which was intentionally or recklessly included in the affidavit. *United States v. Danhach*, 815 F.3d 228, 234–35 (5th Cir. 2016).

Probable cause "means something more than mere suspicion. [It] requires the existence of facts sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed and the person to be arrested … committed it." *United States v. Froman*, 355 F.3d 882, 889 (5th Cir. 2004) (quotation marks omitted). Of relevance here, "a wholly conclusory statement unsubstantiated by underlying facts is not sufficient to support a determination of probable cause." *United States v. Settegast*, 755 F.2d 1117, 1121 (5th Cir. 1985).

Here, the charging affidavit charged Ellis with the crime of statutory rape of a victim fourteen years of age. To be charged with such a crime, a person must be seventeen years of age or older and have had sexual intercourse with a child who "(i) [i]s at least fourteen (14) but under sixteen (16) years of age; (ii) [i]s thirty-six (36) or more months younger than the person; and (iii) [i]s not the person's spouse." Miss. Code Ann. § 97-3-65(1)(a).

The charging affidavit expressly averred the presence of each element of § 97-3-65(1)(a). However, the underlying facts set forth in the affidavit, specifically the dates of birth of Ellis and MH (stated twice each) make clear that Ellis was not thirty-six months older than MH. Accordingly, the statement that Ellis was thirty-six months older than MH is merely a conclusory statement unsubstantiated by underlying facts which cannot support a determination of probable cause. Therefore, the Court concludes that the arrest warrant was unsupported by probable cause and, therefore, was invalid. Because the warrant is the only justification offered for Ellis' arrest

and detention, Ellis has adequately pled a violation of his Fourth Amendment rights.

### b. Involvement or causal connection

There is no allegation that Spann actually arrested or detained Ellis. Accordingly, he will only be liable for the deprivation of Ellis' Fourth Amendment rights if his allegedly wrongful action (the swearing of the arrest warrant) was causally connected to Ellis' arrest and detention. *Gomez*, 813 F.3d at 210. In this regard, "[s]ection 1983 … require[s] a showing of proximate causation, which is evaluated under the common law standard … that makes a person liable for the natural consequences of his actions." *Murray v. Earle*, 405 F.3d 278, 290 (5th Cir. 2005).

There can be no doubt that arrest and detention is the natural consequence of swearing to an affidavit in support of an arrest warrant. However, generally, "when a neutral intermediary, such as a justice of the peace, reviews the facts and allows a case to go forward, such an act breaks the chain of causation" for the purpose of holding an officer liable. *Id.* at 291 (quotation marks omitted). Nevertheless, the chain of causation is not broken if a plaintiff can show that "the deliberations of [the] intermediary were in some way tainted by the actions of the defendant." *Shields v. Twiss*, 389 F.3d 142, 150 (5th Cir. 2004). To do this, the plaintiff must show that "all the facts" were not presented to the intermediary. *Hand v. Gary*, 838 F.2d 1420, 1428 (5th Cir. 1988). The Fifth Circuit has made clear that when an officer provides a magistrate judge false information, he "in so doing, withhold[s] true information." *Morris v. Dearborne*, 181 F.3d 657, 673 (5th Cir. 1999). But, "[t]o satisfy the taint exception, omissions of exculpatory information must be knowing," *Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 555 (5th Cir. 2016) (quotation marks and alteration omitted); or made with reckless disregard for the truth, *Melton v. Phillips*, 837 F.3d 502, 510 (5th Cir. 2016), *rev'd on other grounds*, 875 F.3d 256 (5th Cir. 2017).

In his motion, Spann argues that he "did not submit false or misleading facts … in his

charging affidavit … [and did not] omit any facts or information about the sexual intercourse or ages of the individuals from the charging affidavit." Doc. #40 at 7. Spann is correct that the charging affidavit did not omit any facts or information about the sexual intercourse or ages of the individuals. However, the affidavit included a false statement – that a greater than thirty-six-month age difference existed between the dates of birth of Ellis and the alleged victim. This misstatement necessarily omitted the fact that the listed dates of birth were not greater than thirty-six months apart. *Dearborne*, 181 F.3d at 673. This omission, paired with the allegation that Spann acted recklessly, maintains the casual chain of causation.

### c. *Qualified immunity*

"The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013). The doctrine "protects all but the plainly incompetent or those who knowingly violate the law." *Id.* (quotation marks omitted).

When a defendant invokes qualified immunity, "the plaintiff has the burden to demonstrate the inapplicability of the defense." *Ard*, 866 F.3d at 689. "Whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (quotation marks and alteration omitted). Thus, "[w]hen applying for an arrest warrant, an officer will have qualified immunity from suit unless, on an objective basis, it is obvious that no reasonably competent officer would have concluded that a warrant should issue." *Jordan v. Brumfield*, 687 F. App'x 408, 413 (5th Cir. 2017) (quotation marks omitted) (citing *Spencer v. Staton*, 489 F.3d 658, 661 (5th Cir. 2007)). This inquiry, in turn, asks "whether a

reasonably well-trained officer … would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant." *Malley v. Briggs*, 475 U.S. 335, 345 (1986).

As explained above, probable cause "requires the existence of facts sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed and the person to be arrested … committed it." *Froman*, 355 F.3d at 889 (quotation marks omitted). Here, the Court concludes that a reasonably well-trained officer (or anyone with a passing understanding of the calendar) would know that a person born in April 1997 could not possibly be more than thirty-six months older than a person born in March 2000. Such an officer informed of these dates of birth would know that he should not apply for an arrest warrant charging statutory rape under a Mississippi law which requires an age difference of greater than thirty-six months, and that any such affidavit including these dates would fail to establish probable cause for the charged crime. Accordingly, Spann is not entitled to qualified immunity.

### 2. State common law claims

In his amended complaint, Ellis alleges that "[a]t all times relevant to this civil action … Spann … acted within the course and scope of [his] employment … [with] Lowndes County, Mississippi." Doc. #31 at ¶ 42. Ellis alleges claims for false arrest, false imprisonment, malicious prosecution, and abuse of process based on Spann's:

> initiating charges and causing the arrest of Mr. Ellis without probable cause, for initiating a baseless prosecution against Mr. Ellis without probable cause and with malice, and for abuse of process by perverting the process of the court for some ulterior purpose after its issuance so as to accomplish a result not commanded by it or not lawfully obtainable under it.

*Id*. at ¶ 52. In the First Motion, Spann seeks dismissal of all the state common law claims on the ground that the claims are barred by the MTCA because Ellis alleged Spann was acting within the

course and scope of his authority.  Doc. #57 at 9–11.  However, in the reply to the First Motion, Spann alters this request to only seeking dismissal of "all non-malice based state law claims."  Doc. #51 at 7.  In the Third Motion, Spann seeks dismissal of the malicious prosecution and false arrest claims as time barred.

### a.  Course and scope

As a general rule, "[t]he MTCA provides the exclusive civil remedy against a governmental entity or its employees for acts or omissions which give rise to a suit."  *Stewart ex rel. Womack v. City of Jackson*, 804 So.2d 1041, 1046 (Miss. 2002).  When the MTCA controls, an employee may not be "held personally liable for acts or omissions occurring within the course and scope of the employee's duties."  Miss. Code Ann. § 11-46-7(2).  However, "not all claims against a governmental entity and their employees are covered by the MTCA."  *Univ. of Miss. Med. Ctr. v. Oliver*, No. 2016-IA-892, 2017 WL 3641246, at *5 (Miss. Aug. 24, 2017).  Rather, torts based on conduct outside the course and scope of an employee's employment fall outside the MTCA's scope and provisions.  *Id.* at *6.

> "Course of employment" is defined as "events that occur or circumstances that exist as part of one's employment; esp., the time during which an employee furthers an employer's goals through employer-mandated directives. "Scope of employment" is defined as "the range of reasonable and foreseeable activities that an employee engages in while carrying out the employer's business."

*Meeks v. Miller*, 956 So.2d 864, 867 (Miss. 2007) (citations and alterations omitted).  Under the MTCA, "an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense."  Miss. Code Ann. § 11-46-7(2).  Of relevance to this action, "[m]alice in law is not necessarily personal hate or ill will, but it is the intent, without

justification or excuse, to commit a wrongful act." *Harmon v. Regions Bank*, 961 So.2d 693, 699 (Miss. 2007) (quotation marks omitted).

Because acts constituting malice fall outside the course and scope of an employee's employment, "torts in which malice is an essential element" necessarily fall outside the provisions of the MTCA and, therefore, fall outside the MTCA's waiver of immunity. *Oliver*, 2017 WL 3641246, at *6. Where a tort does not require proof of malice, it is subject to the provisions of the MTCA unless the plaintiff alleged that that the tortious acts were done outside the course and scope of employment. *Id*. at *7.

In this case, Ellis has pleaded in the alternative, as is his right,[4] that, in obtaining the arrest warrant, Spann acted both within and outside the course and scope of his duties. *See* Doc. #31 at ¶ 42 (Spann acted within course and scope of employment); *id*. at ¶ 52 (Spann acted with malice). To the extent Ellis asserts claims against Spann in his personal capacity premised on Spann's acts occurring within the scope and course of Spann's employment, the claims are barred by the MTCA.[5] Miss. Code Ann. § 11-46-7(2). However, to the extent Ellis has pleaded in the alternative that Spann acted with malice in obtaining the arrest warrant (the allegation underlying all state

---

[4] *See* Fed. R. Civ. P. 8(d)(2) (party may plead alternative statements in support of claim); *Hollis v. Metro. Sch. Dist. of Pike Twp.*, No. 1:12-cv-508, 2013 WL 5656088, at *4 (S.D. Ind. Oct. 15, 2013) (plaintiff could plead "alternatively that at all times, Mr. Rogers was either acting within the scope of his employment when engaging in sexual harassment, or was outside the scope of his employment").

[5] While the personal liability provision refers to "acts or omissions occurring within the course and scope of the employee's duties," Mississippi courts have treated "duties" as synonymous with "employment." *See Cotton v. Paschall*, 782 So.2d 1215, 1217 (Miss. 2001) ("[Section] 11-46-7 ... states that employees of governmental entities are immune from liability for acts or omissions within the course and scope of their employment."); *Gale v. Thomas*, 759 So.2d 1150, 1157 (Miss. 1999) ("No issue of material fact exists as to whether § 11-46-7(2) applies as all parties to this action have conceded that Officer Thomas was acting within the scope of his employment at the time of the accident."); *Bridges v. Pearl River Valley Water Supply Dist.*, 793 So.2d 584, 590 (Miss. 2001) ("Section 11-46-7(2) states no employee will be liable for acts or omissions occurring within the course and scope of employment."); *Bell v. Miss. Dep't of Human Servs.*, 126 So.3d 999, 1003 (Miss. Ct. App. 2013) (affirming finding of personal liability because "all parties agreed that [defendant] was acting within the course and scope of her employment"). This treatment is consistent with the text of § 11-46-7(2) which, after setting forth the personal liability immunity, sets forth a definition for "course and scope of ... employment."

common law claims) and thus outside the course and scope of his employment, neither the MTCA nor its personal liability immunity applies. Therefore, dismissal will be denied in this regard.

### b. Statute of limitations

In the Third Motion, Spann argues that Ellis' claims for false arrest and malicious prosecution based on acts outside the course and scope of his employment are barred by the applicable statutes of limitations.[6] Doc. #53 at 4. These claims are subject to a one-year statute of limitations. *City of Mound Bayou v. Johnson*, 562 So.2d 1212, 1218 (Miss. 1990). Unless tolled, such claims accrued and expired no later than April 14, 2016 – the date the charge against Ellis was dismissed. *See Parker v. Miss. Game & Fish Comm'n*, 555 So.2d 725, 727 (Miss. 1989) (false arrest claim accrued on date of arrest); *Johnson*, 562 So.2d at 1217 (false arrest and malicious prosecution claims accrued on date of dismissal of charges).

This action, as mentioned above, was filed on September 29, 2016, approximately five months after the latest any of Ellis' claims could have accrued. Doc. #1. Ellis argues that the statute of limitations was tolled under § 11-46-11 of the MTCA, which provides that filing of notice of a claim under the MTCA tolls the statute of limitations. However, courts have universally held that this tolling provision does not apply to claims based on actions occurring outside the scope and course of an employee's duties, and thus outside the ambit of the MTCA. *See Meaux v. Mississippi*, No. 1:14-cv-323, 2015 WL 3549579, at *5 & n.4 (S.D. Miss. June 8, 2015) ("[T]he MTCA is inapplicable and these claims are time-barred … if Officer Moore was acting outside the course and scope of his employment during the times alleged by plaintiff …." ) (quotation marks omitted) (collecting cases). Thus, Ellis' false arrest and malicious prosecution claims are time barred to the extent they are based on actions taken by Spann outside the course and scope of his

---

[6] The motion does not seek dismissal of the state common law claims for abuse of process or false imprisonment.

employment.

### 3. State public official bond claim

The amended complaint asserts a claim against Spann, in his individual and official capacities, "on his public official bond for the damages sustained by Mr. Ellis due to his misfeasance in office and breach of duty, pursuant to Miss. Code Ann. § 25-1-45." Doc. #31 at ¶ 55. Miss. Code Ann. § 25-1-45 provides:

> If any county, county district, or municipal officer who has executed bond for the faithful performance of duty shall knowingly or wilfully fail, neglect, or refuse to perform any duty required of him by law or shall violate his official obligations in any respect, the president or, in the absence or disability or default of the president, the vice-president of the board of supervisors in case of a county or county district officer, and the mayor in case of a municipal officer, or any person interested in either case shall cause suit to be brought on the bond of such officer for the recovery of the damages that may have been sustained thereby.

Spann argues this claim must be dismissed against him in his individual capacity because it is subject to the MTCA, and thus barred by the MTCA's immunity provision for acts taken in the scope of employment. Doc. #40 at 13–14.

To date, no Mississippi state court appears to have considered the interplay between the MTCA and § 25-1-45. However, there can be no dispute that, unless an exception applies, the MTCA governs all tort claims against governmental entities. *See* Miss. Code Ann. § 11-46-7(1). Accordingly, the applicability of the MTCA to Ellis' official bond action turns on the question of whether the action brought under § 25-1-45 is properly characterized as a tort action.

In characterizing actions brought under other public bond statues, Mississippi state courts have focused on the source of the duties allegedly breached. Under this framework, suits based on violations of statutory duties fall outside the scope of the MTCA. *See Booneville Collision Repair, Inc. v. City of Booneville*, 152 So.3d 265, 274 (Miss. 2014) ("BCR's claim that the tax collector failed to file the tax-sale list as required by Section 27-41-79 is based on the tax

collector's failure to perform her official duty to file the tax-sale list and, as in *Alexander*, is a suit for failure to comply with a statutory duty. Because it is not a tort claim, it is not governed by the MTCA."). Official bond claims based on non-statutory duties are properly characterized as tort actions which implicate the MTCA. *See Newton Cty. v. State ex rel Dukes*, 133 So.3d 819, 825 (Miss. Ct. App. 2013), *rev'd in part on other grounds*, 133 So.3d 805 (Miss. 2014) (MTCA governed official bond claim that defendant "negligently performed his duties under Mississippi Code Annotated section 11-51-33"). In considering whether a public official bond action is based in statute or tort, Mississippi courts consider two factors: (1) whether the statute expressly provides for "liability on [the] public-official bond;" and (2) whether the statute includes "mandatory duties." *Id.*

Section 25-1-45 expressly provides for liability on a public official bond if a county official knowingly or willfully fails to perform "any duty required of him by law" or violates any "official obligations in any respect." Given this framework, it stands to reason that the nature of a § 25-1-45 action depends on the specific duties underlying a § 25-1-45 claim. Thus, if a § 25-1-45 claim is premised on violation of a statutory duty, the claim is properly characterized as a statutory action falling outside the MTCA. *See, e.g., City of Booneville*, 152 So.3d at 274. However, if not based on a mandatory duty, the claim would be subject to the MTCA. *See Dukes*, 133 So.3d at 825 (official bond claim that defendant "negligently performed his duties under Mississippi Code Annotated section 11-51-33" characterized as tort).

Ellis' official bond claim against Spann, like all the claims against Spann, is based on the general allegation that Spann "knowingly and willfully neglected to perform numerous duties required of him by law, and otherwise violated his official obligations." Doc. #31 at ¶¶ 54–55. Accordingly, the claim is not based on a statutory duty and is properly characterized as one in tort,

and is thus subject to the MTCA.[7] *See Dukes*, 133 So.3d at 824.

Spann argues that, because the MTCA applies, the § 25-1-45 claim against him is barred by § 11-46-7(2). Doc. #40 at 14. As explained above, § 11-46-7(2) bars claims which result in an employee being "personally liable" for an act or omission occurring within the course and scope of his duties. Therefore, to the extent Ellis' official bond claim attempts to impose liability directly on Spann for breaches of his official bond occurring within the course and scope of his employment, such claim must fail as barred by § 11-46-7(2). However, by its terms, § 11-46-7(2) does not bar acts occurring outside the course and scope of Spann's employment. Accordingly, to the extent Ellis has alleged that Spann acted outside the course and scope his duties, § 11-46-7(2) does not justify dismissal of Ellis' § 25-1-45 claims against Spann in his individual capacity.

## B. Individual Capacity Claims Against Arledge

Ellis' amended complaint alleges the following claims against Arledge:

> The Defendant Arledge in His Individual and Official Capacities, is liable to Mr. Ellis for the acts of the Defendant Spann, In His Individual and Official Capacities, pursuant to Miss. Code Ann. § 19-25-19.

> Due to the Defendant Spann's knowing and willful neglect to perform a duty required of him by law and based on the violation of his official duties, and based on Miss. Code Ann. § 19-25-19, Mr. Ellis brings suit against the Defendant Arledge, In His Individual and Official Capacities, and on the Defendant Ohio Casualty, on his public official bond, for the damages sustained by Mr. Ellis due to the Defendant Spann's violation of constitutional and common law rights, and misfeasance in office and breach of duty, pursuant to Miss. Code Ann. § 25-1-45.

Doc. # 31 at ¶¶ 58–59 (paragraph numbering omitted).

### 1. Vicarious liability

Miss. Code Ann. § 19-25-19 provides, in relevant part, that "[a]ll sheriffs shall be liable

---

[7] This determination matches the conclusion reached by Senior United States District Judge Glen H. Davidson in a recent opinion which applied the MTCA to a § 21-1-45 claim, albeit for different reasons. *See Mississippi v. Rinehart*, No. 1:15-cv-77, 2016 WL 4703516, at *12 (N.D. Miss. Sep. 7, 2016).

for the acts of their deputies, and for money collected by them." Despite the broad language of the statute, for liability to attach to a sheriff for the acts of a deputy, the deputy must have been acting "within the general scope of their authority." *Dean v. Brannon*, 104 So. 173, 175 (Miss. 1925) (interpreting predecessor to § 19-25-19, Miss. Code § 4664 (1906) (Section 3081, Hemingway's Code)); *see U.S. Fid. & Guar. Co. v. State ex rel. Stringfellow*, 182 So.2d 919, 922 (Miss. 1966) ("We have held that the Sheriff's bond is liable for the acts of a deputy sheriff acting within the scope of his authority.").

"The liability imposed on sheriffs pursuant to § 19-25-19 is derivative of that imposed on deputies. Thus, if a deputy escapes liability pursuant to his statutory immunity, no liability exists to be derivatively placed upon the shoulders of his sheriff." *Moore v. Carroll Cty.*, 960 F.Supp. 1084, 1089 (N.D. Miss. 1997) (citing *Barrett v. Miller*, 599 So.2d 559, 566 (Miss. 1992)) (internal citation omitted). In this regard, a sheriff's liability under § 19-25-19 is subject to the provisions of the MTCA. *Jackson v. Payne*, 922 So.2d 48, 51 (Miss. Ct. App. 2006). Where a deputy acts within the scope of his employment, a sheriff in his official capacity "is only liable for [the acts of the deputy] when their actions arise to reckless disregard of safety." *Id.*[8] The corollary of this rule is that if a deputy escapes personal liability because he acted within the course and scope of his employment, the sheriff may not be held personally liable. *See* Miss. Code Ann. § 11-46-7(2).

Arledge argues that he is personally immune from suit under the MTCA and that "because Spann is entitled to immunity from liability pursuant to the MTCA, Sheriff Arledge cannot be held derivatively liable for the same actions." Doc. #40 at 13. Arledge also argues that he cannot be held vicariously liable for any § 1983 claims asserted against Spann because § 1983 does not recognize a theory of vicarious liability. *Id.* at 12.

---

[8] In *Jackson*, the sheriff was sued only in his official capacity.

Arledge is correct that, to the extent Ellis asserts state law claims against Arledge for acts taken within the course and scope of Spann's employment, such claims are derivatively barred by the personal liability provision of § 11-46-7(2). However, as explained above, Spann is not entitled to personal immunity for Ellis' claims premised on allegations that Spann acted outside the course and scope of his employment. Accordingly, Arledge is not entitled to derivative immunity for claims based on these allegations. Therefore, the question becomes whether such claims must otherwise fail. In this regard, Arledge argues that he "is entitled to individual immunity pursuant to the MTCA," and that the claims are time barred.

As an initial matter, to the extent Ellis' malicious prosecution and false arrest claims against Spann are time barred, Arledge may not be held derivatively liable. *See Moore*, 960 F.Supp. at 1089 (sheriffs entitled to same defenses as deputies). Accordingly, Ellis' vicarious liability claims must fail in this regard.

To date, it appears no court has considered whether § 11-46-7(2) prohibits a sheriff from being held personally liable under § 19-25-19 for the acts of a deputy which fall outside the scope of the deputy's employment. Put differently, no court has considered whether a sheriff is entitled to § 11-46-7(2) immunity on a § 19-25-19 action when the underlying acts of his deputy are not governed by the MTCA. Fortunately, this question can be resolved by looking at the plain language of the personal liability provision. *See Lawson v. Honeywell Int'l, Inc.*, 75 So.3d 1024, 1027 (Miss. 2011) ("If the words of a statute are clear and unambiguous, the Court applies the plain meaning ....").

Section 11-46-7(2) provides in relevant part that "no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." Section 19-25-19 provides for liability for the acts of a deputy, not for the acts of the sheriff. Thus,

because § 19-25-19 does not impose liability for acts or omissions occurring within the course and scope of the sheriff's duties, § 11-46-7(2) does not apply. Accordingly, § 11-46-7(2) does not justify dismissal of Ellis' § 19-25-19 claims premised on acts occurring outside the scope of Spann's employment.[9]

Finally, regarding the vicarious liability based on Ellis' federal claims, "[t]he Supreme Court ... has rejected vicarious or respondeat superior liability in § 1983 suits." *Henley v. Edlemon*, 297 F.3d 427, 430 n.6 (5th Cir. 2002). Accordingly, a plaintiff cannot rely on § 19-25-19's vicarious liability provision to impute § 1983 liability to a sheriff.[10] *Id.* Therefore, Ellis' claims against Arledge must fail in this regard.

### 2. Official bond claim

When a sheriff is liable for the acts of a deputy, the sheriff's official bond is liable as well. *Stringfellow*, 182 So.2d at 922. Accordingly, Arledge is entitled to dismissal of the official bond claims to the extent described above.

### C. Claims Against County Defendants

Ellis' amended complaint alleges that Lowndes County "is liable to Mr. Ellis for the common law torts of false arrest, false imprisonment, malicious prosecution, and abuse of process, made actionable pursuant to the MTCA." Doc. #31 at ¶ 45. The County Defendants argue that

---

[9] The Court reiterates that a sheriff may only be liable for acts of a deputy taken within the scope of the deputy's authority. *Brannon*, 104 So. at 175. However, "[t]he doctrine of scope of employment, although related in some basic respects to the notion of scope of authority, is distinct from the agency-law doctrines that define actual and apparent authority." RESTATEMENT (THIRD) OF AGENCY Intro. (2006). Accordingly, an allegation that a deputy acted outside the scope of his employment does not necessarily mean that the deputy acted outside the scope of his authority so as to defeat § 19-25-19 liability. However, it seems unlikely that a deputy would act outside the scope of his employment but within the scope of his authority.

[10] Ellis cites *Dennis v. Warren*, 779 F.2d 245 (5th Cir. 1985), for the proposition that the "Fifth Circuit [has] affirmed a sheriff's liability under § 19-25-19 for a deputies [sic] wrongful acts which gave rise to a claim under § 1983." Doc. #50 at 20. Ellis is correct that *Warren* used § 19-25-19 to impute liability to a sheriff for conduct which amounted to a § 1983 claim. However, the relevant conduct also gave rise to state law claims for false arrest and false imprisonment. *Warren*, 779 F.2d at 246. Nothing in *Warren* suggests that § 1983 liability itself was imputed to the sheriff.

they cannot be liable for any malice-based state law claims, Doc. #53 at 2; and that any claims brought against them which accrued while Ellis was incarcerated are barred by the "inmate exception" to the MTCA, Doc. #42 at 5.[11]  Finally, Spann and Arledge submit that the official capacity claims brought against them should be dismissed as duplicative.

### 1.  Malice-based claims

The County Defendants argue that malicious prosecution and false arrest are malice-based claims which fall outside the scope of the MTCA and its sovereign immunity waiver provision and, therefore, are subject to dismissal.  Doc. #53 at 2–3.

Pursuant to statute, the state of Mississippi and its political subdivisions are immune from liability for "any wrongful or tortious act or omission or breach of implied term or condition of any warranty or contract."  Miss. Code Ann. § 11-46-3.  The MTCA waives this immunity as to any "claims for money damages arising out of the torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment."  *Id.* at § 11-46-5(1).  However, as explained above, neither the MTCA nor its waiver apply to "torts in which malice is an essential element" and to claims premised on acts occurring outside the course and scope of employment.  *Oliver*, 2017 WL 3641246, at *6–7.

Ellis concedes that malice is an essential element of the tort of malicious prosecution and that his malicious prosecution claim against the County Defendants must be dismissed.  However, Ellis argues that malice is not an element of a false arrest tort.

In arguing that false arrest is a malice-based claim, the County Defendants rely on language from *Mound Bayou*, in which the Mississippi Supreme Court, in considering the applicable statute

---

[11] The County Defendants also argue that the federal claims brought against them must fail.  However, Ellis has brought no such claims.

of limitations for a false arrest claim, wrote: "We perceive no difference between the tort of malicious arrest, as enumerated in [Miss. Code Ann. § 15-1-35], and false arrest as we know it today. False arrest is an intentional tort, arising when one causes another to be arrested falsely, unlawfully, maliciously and without probable cause." 562 So.2d at 1218. Ellis responds that the language of *Mound Bayou* is dicta and that the only elements of false arrest under Mississippi law are "(1) the detention of a person; and (2) the unlawfulness of the detention." Doc. #57 at 8 (citing *Hart v. Walker*, 720 F.2d 1436, 1439 (5th Cir. 1983)).

In *Hart*, the case on which Ellis relies, the Fifth Circuit wrote that "[u]nder Mississippi law, the elements of false arrest or imprisonment are two-fold: (1) the detention of a person; and (2) the unlawfulness of the detention." 720 F.2d at 1439 (citing *State ex rel. Powell v. Moore*, 174 So.2d 352, 354 (Miss. 1965)). *Moore*, the case on which *Hart* relied, was a false imprisonment case in which the Mississippi Supreme Court held that a false imprisonment plaintiff must show an unlawful detention. 174 So.2d at 354. Six years after *Hart*, in considering whether a claim for false arrest gave a defendant fair notice of a claim for false prosecution, the Mississippi Supreme Court noted that "[t]he elements of a claim for false arrest or imprisonment are two two-fold. They include: (1) The detention of the plaintiff and the unlawfulness of such detention; (2) Imprisonment and the falsity thereof." *Parker*, 555 So.2d at 728–29.

In considering the apparent discrepancy between *Parker*'s and *Mound Bayou*'s statements regarding the elements of a false arrest claim, the Court first considers whether either case may be disregarded as dicta. A statement is dicta if it is "not necessary to the court's ruling." *McKibben v. City of Jackson*, 193 So.2d 741, 745 (Miss. 1967). Because both cases relied on the stated elements of false arrest to reach their ultimate conclusions, neither statement may be characterized as dicta. Consistent with Fifth Circuit direction, this Court will follow *Mound Bayou*, "the latest

and most authoritative expression of state law applicable to the facts of [the] case."[12]  *C&B Sales & Serv., Inc. v. McDonald*, 111 F.3d 27, 29 n.1 (5th Cir. 1997).  Accordingly, the Court concludes that malice is an element of false arrest and that, therefore, the false arrest claims brought against the County Defendants must be dismissed.

## 2.  Inmate exception

The inmate exception of the MTCA provides that a governmental entity and its employees acting in the scope of their employment shall not be liable for any claim:

> Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed.

Miss. Code Ann. § 11-46-9(1)(m).  The County Defendants, in reliance on § 11-46-9(1)(m), seek dismissal of any "state law claims that accrued while Ellis was incarcerated in the Lowndes County Detention Center."  Doc. #42 at 5.  In response, Ellis argues, among other things, that the County Defendants have not identified any specific claims which would fall under this category and that this "vagueness … is more than sufficient to deny its motion."  Doc. #50 at 28–29.  This Court agrees.

"It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."  *Vargas-Colon v. Fundacion Damas, Inc.*, 864 F.3d 14, 24 (1st Cir. 2017).  The County Defendants are of course entitled to the dismissal of any claims which fall under the inmate exception.  However, the County Defendants have made no attempt to identify such claims and the Court

---

[12] Both federal and state courts have followed *Mound Bayou*'s articulation of the elements of false arrest.  *See, e.g., Hudson v. Palmer*, 977 So.2d 369, 382 (Miss. Ct. App. 2007) ("[T]o sustain a claim of false arrest a plaintiff must show that the defendant caused him to be arrested falsely, unlawfully, maliciously, and without probable cause."); *Hobson v. Dolgencorp, LLC*, 142 F.Supp.3d 487, 493 n.3 (S.D. Miss. 2015) (quoting *Mound Bayou*).

declines to do the work of the County Defendants' counsel. Accordingly, the Second Motion will be denied in this regard.

### 3. Duplicative claims

Spann and Arledge argue that the official capacity claims against them should be dismissed as duplicative of the claims brought against the County. While some Mississippi federal courts have dismissed official capacity claims against individual employees as duplicative of claims against the governmental employers,[13] the MTCA provides that "[a]n employee may be joined in an action against a governmental entity *in a representative capacity* if the act or omission complained of is one for which the governmental entity may be liable." Miss. Code Ann. § 11-46-7(2) (emphasis added). Thus, the plain language of the statute authorizes an action brought against both a governmental entity and its employee in an official capacity. Given this explicit authorization, the Court declines to dismiss the official capacity claims against Spann and Arledge.

### V
### Conclusion

For the reasons above:

1. The First Motion (Lowndes County, Arledge, and Spann's motion for judgment on the pleadings) [39] is **GRANTED in Part and DENIED in Part**. The First Motion is GRANTED (a) to the extent it seeks dismissal of the state common law claims asserted against Spann in his individual capacity premised on acts taken in the course and scope of Spann's employment; (b) to the extent it seeks dismissal of Ellis' official bond claim brought directly against Spann premised on breaches of Spann's official bond occurring within the course and scope of his employment;

---

[13] *See, e.g., Crosby v. Bell*, No. 5:14-cv-49, 2015 WL 4496489, at *9 (S.D. Miss. July 23, 2015).

and (c) to the extent it seeks dismissal of the public official bond and vicarious liability claims brought against Arledge in his individual capacity premised on violations of federal law and on acts taken within the course and scope of Spann's employment. The First Motion is DENIED in all other respects.

2. The Second Motion (Arledge and Spann's motion for judgment on the pleadings) [41] is **DENIED**.

3. The Third Motion (Lowndes County, Arledge, and Spann's motion to dismiss) [52], which this Court has interpreted as a motion for judgment on the pleadings, is **GRANTED**. The false arrest and malicious prosecution claims brought against the County Defendants and Spann and Arledge in their individual capacities are **DISMISSED**.

**SO ORDERED**, this 6th day of December, 2017.

/s/Debra M. Brown            
**UNITED STATES DISTRICT JUDGE**